Chiropractic License — Requirements The Oklahoma Board of Chiropractic Examiners cannot grant a license to practice chiropractic to an individual who has not been licensed to practice chiropractic in any state but has met all the educational requirements, as specified in 59 O.S. 164 [59-164] (1961), and has passed both parts of the National Board of Examinations of the National Board of Chiropractic Examiners without successfully examining the individual in accordance with the terms of Section 164. The Oklahoma Board of Chiropractic Examiners cannot grant a license to practice chiropractic to an individual who has not been licensed to practice chiropractic in any state but has met all the requirements in 59 O.S. 164 [59-164] (1961), holds an Oklahoma Basic Science Certificate and has passed the National Board of Examinations, without successfully examining the individual in accordance with the terms of Section 164. The Attorney General has had under consideration your letter of February 27, wherein you ask, in effect, the following questions: Can the Oklahoma Board of Chiropractic Examiners grant a license to practice chiropractic to an individual who has not been licensed to practice chiropractic in any state but has met all the education requirements, as specified in 59 O.S. 164 [59-164] (1961), and has passed both parts of the National Board of Examinations of the National Board of Chiropractic Examiners without successfully examining the applicant in accordance with the terms of Section 164? Can the Oklahoma Board of Chiropractic Examiners grant a license to practice chiropractic to an individual who has not been licensed to practice chiropractic in any state but has met all the requirements in 59 O.S. 164 [59-164] (1961), holds an Oklahoma Basic Science Certificate and has passed the National Board of Examinations, without successfully examining the applicant in accordance with the terms of Section 164? The requirement for the Board of Chiropractic Examiners to examine applicants is found in 59 O.S. 164 [59-164] (1961), which provides in relevant part as follows: "Said Board of Chiropractic Examiners shall examine all applicants whose applications have been approved, in writing, on the following subjects: . . . "Following said written examination, said Board shall examine each applicant in the Art of Chiropractic Adjusting in such manner and by such methods as shall reveal the applicant's qualifications." (Emphasis added) The language "shall examine all applicants" and "Board shall examine" are words of command and are compulsory upon the Board rather than directory. The Court in State v. Hunt, Okl. 286 P.2d 1088, stated in the body of its opinion: ". . . In the construction of statutes, the word `shall' is usually given its common meaning of `must' and interpreted as implying a command or mandate, see definition of `shall' in Webster's New International Dictionary, and the cases cited in 39 Words and Phrases, beginning at page 123, depending upon the construction of the statute as a whole and the intention of the Legislature. . . ." It seems clear that the Board must comply with this requirement of testing unless the statute expressly provide exceptions. The only exception to this requirement is found in 59 O.S. 164 [59-164](B) (1961) which provides in relevant part: "Reciprocity may be granted with states having equal educational requirements at the discretion of the Board of Chiropractic Examiners." The extent of this reciprocity was interpreted in Attorney General's Opinion No. 64-127 as follows: "In reply you are advised that under the quoted provisions of 59 O.S. 164b [59-164b], your Board is authorized to issue a license to practice Chiropractic in Oklahoma by reciprocity only to a licensed Chiropractor of another state `having equal educational requirements' to those of the State of Oklahoma at the time said applicant was licensed in said other state by examination." Upon careful examination of 59 O.S. 164b [59-164b], it is abundantly clear that neither of your factual situations come within the exception allowed in Section 164b. It is therefore the opinion of the Attorney General that your first question be answered in the negative in that the Oklahoma Board of Chiropractic Examiners cannot grant a license to practice chiropractic to an individual who has not been licensed to practice chiropractic in any state but has met all the educational requirements, as specified in 59 O.S. 164 [59-164] (1961), and has passed both parts of the National Board of Examinations of the National Board of Chiropractic Examiners without successfully examining the individual in accordance with the terms of Section 164. It is further the opinion of the Attorney General that your second question be answered in the negative in that the Oklahoma Board of Chiropractic Examiners cannot grant a license to practice chiropractic to an individual who has not been licensed to practice chiropractic in any state but has met all the requirements in 59 O.S. 164 [59-164] (1961), holds an Oklahoma Basic Science Certificate and has passed the National Board of Examinations, without successfully examining the individual in accordance with the terms of Section 164. (Dale F. Crowder)